## Carr v. H. W. Johns-Manville Co., Appellant.

*Landlord and tenant—Tenancy by implication—Tenancy from quarter to quarter.*

A tenancy may be implied by occupancy and a payment of rent in the absence of an express contract, and the manner of payment as made by the tenant and accepted by the landlord may determine the terms of the lease. An implied agreement for the payment of rent may create a tenancy from quarter to quarter in the absence of an express agreement for a different term.

Where a lessee holds premises as a tenant from quarter to quarter under a lease from a life tenant, and the lessor dies in the middle of the quarter, and the lessee pays the rent due for the whole quarter to the executor of the lessor to be divided between the estate of the life tenant and the remainderman, and thereafter pays

the remainderman the rent per quarter until he removes from the premises, the lessee continues as a tenant from quarter to quarter, and is liable for a whole quarter, although he vacated the property in the middle of the quarter, but at the end of the year after the death of the life tenant.

Argued April 15, 1915.   Appeal, No. 47, April T., 1915, by defendant, from order of C. P. Allegheny Co., April T., 1914, No. 1467, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Caroline S. Carr v. H. W. Johns-Manville Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for rent.   Before MACFARLANE, J.

Rule for judgment for want of a sufficient affidavit of defense.

From the pleadings it appeared that the suit was brought for a balance of rent for three months ending March 31, 1912, the rent per quarter being $1,250, and $747.12 having been paid on January 30, 1912.   By the will of William Carr this property was devised to his executors in trust during the life of his widow, Delia R. Carr, and she electing to take against his will, in partition the property was allotted to her for life.   She made a lease to the defendant from April 1, 1907, to May 1, 1912, the rent payable quarterly at the end of each quarter.   On February 22, 1911, she died and under the terms of the will Caroline S. Carr became the owner.   On April 10, 1911, the defendant paid to one of the executors of William Carr $1,250 at his request as rent for the quarter ending April 30, 1911, in trust for the parties entitled thereto in the proportions to which they were entitled.   About July 28, 1911, the defendant paid to Caroline S. Carr $1,250 and a like sum on October 13, 1911, and on January 29, 1912, $1,997.12, of which $1,250 was for rent due for three months ending December 31, 1911, and the balance was for the rent

502 CARR v. H. W. JOHNS-MANVILLE CO., Appellant.

Assignment of Error—Opinion of the Court.　[60 Pa. Superior Ct.

to February 22, 1912, on which last day the defendant quit the premises.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. C. Billy,* for appellant.—By merely continuing in possession after the death of Delia R. Carr and the subsequent payment and receipt of money as rent, with nothing more, the technical tenancy from year to year was created between the parties to this suit: Hanbest v. Grayson, 206 Pa. 59; Laguerenne v. Dougherty, 35 Pa. 45.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for appellee.

OPINION BY HENDERSON, J., July 21, 1915:

It is not disputed that the lease from Delia R. Carr, the life tenant to the defendant company, terminated with the death of the lessor. The remainderman had no connection with the preceding term and the relation of the occupant as tenant ceased when the life tenant died. The lessee continued to occupy the premises, however, after the end of the term with the consent of the remainderman. There was no express agreement as to the extent of the term or the amount of rent reserved. There was an implied reservation, however, defined by the conduct of the parties. Under the lease from Delia R. Carr the lessee was granted a definite term, the rent to be paid quarterly. She died in the middle of the quarter and afterwards the defendant paid to the executor of the estate of William Carr the amount of rent due for the whole quarter, the same to be distributed by the executor between the estate of the life tenant and the remainderman. Afterward the defendant paid to the plaintiff the sum of $1,250 per quarter for the use

of the premises up to the time the defendant removed therefrom. A tenancy may be implied by occupancy and a payment of rent in the absence of an express contract, and the manner of payment as made by the tenant and accepted by the landlord may determine the terms of the lease. An implied agreement for the payment of rent may create a tenancy from quarter to quarter in the absence of an express agreement for a different term: Trickett on Landlord and Tenant, sec. 372; Cook v. Neilson, 10 Pa. 41.

We do not find anything in the case from which the conclusion must be drawn or the inference arises that a yearly term was created between the plaintiff and defendant after the death of Delia Carr. The payment of rent by the defendant for the quarter in which Delia Carr died and the payment of rent for the succeeding quarters at the end thereof was a course of conduct from which the implication arises that the defendant was paying on a quarterly basis and thereby establishing a term from quarter to quarter: Taylor on Landlord and Tenant, sec. 69; Savage v. Seipleton, 3 C. & P. 275. When, therefore, the tenant held over after the end of the quarter with the landlord's consent the term was extended for that quarter and a liability arose for payment for the entire quarter. There was no controversy in regard to the material facts in the case, and the conclusion of the learned judge of the Court of Common Pleas is supported by the facts conceded in the pleadings.

The judgment is affirmed.